**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE BUSCAY, | No. 08-74072 |
| Petitioner, | Agency No. A079-528-821 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013**

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Jose Buscay, a native and citizen of the Philippines, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Buscay failed to establish past persecution because his experiences of mistreatment due to his homosexuality and female sexual identity, even considered cumulatively, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination, harassment, and being fired from job did not compel finding of past persecution); *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (single detention and beating that did not require medical treatment did not compel past persecution finding). Further, as Buscay has not established past persecution, he is not entitled to a presumption of future persecution, *see Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002), or to humanitarian asylum, *see* 8 C.F.R. § 1208.13(b)(1)(iii). In addition, substantial evidence supports the agency's determination that Buscay did not establish a well-founded fear of persecution. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (history of willingly returning to home country militates against finding of well-founded fear). Accordingly, Buscay's asylum claim fails.

08-74072

Because Buscay failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because Buscay failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to the Philippines. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**